IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IMRAN AHMED,
          Plaintiff

   v.

KALAHARI RESORTS &
CONVENTIONS – POCONOS;
KALAHARI RESORTS PA, LLC; and
KALAHARI RESORTS, LLC,
          Defendants

No. 3:24cv851

(Judge Munley)

## MEMORANDUM

Plaintiff Imran Ahmed filed the instant personal injury action on May 22, 2024. (Doc. 1). He alleges that he slipped and fell on the premises of the Kalahari Indoor Waterpark owned or controlled by the Defendants Kalahari Resorts & Conventions – Poconos; Kalahari Resorts PA, LLC; and Kalahari Resorts, LLC. (hereinafter collectively "defendants"). Before the court for disposition is the defendants' motion to dismiss or in the alternative a motion for a more definite statement. The parties have briefed their respective positions, and the matter is ripe for adjudication.

**Background**

Plaintiff instituted the instant action on May 22, 2024. (Doc. 1, Compl.) He claims that he fell and injured himself at the Kalahari Indoor Waterpark. (Id.) He

alleges that he fell due to a dangerous slippery condition which resulted from the defendants' negligence. Specifically, he asserts that "the steps at the Kalahari Indoor Waterpark were not properly treated and were covered with mold or algae." (Id. ¶ 15). Accordingly, he filed a one-count negligence complaint against the defendants.

In response to the complaint, the defendants filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or in the alternative a motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). (Doc. 10).

**Jurisdiction**

As discussed more fully below, plaintiff asserts this court's jurisdiction pursuant to the diversity statute. (Doc. 1, ¶ 11). As a federal court located in the Commonwealth of Pennsylvania and sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Discussion**

Defendants' motion raises issues under Federal Rules of Civil Procedure 12(b)(6) and 12(e). The court will address each portion of the motion separately, beginning with the 12(b)(6) issues.

I. Motion To Dismiss – Rule 12(b)(6)

With regard to the 12(b)(6) arguments raised in defendants' motion, the court tests the sufficiency of the complaint's allegations. The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

Rule 8 of the Federal Rules of Civil Procedures provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]". "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (citation omitted). "Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555( 2007)).

Plaintiff's complaint sounds in negligence. Under Pennsylvania law, a plaintiff seeking to recover for negligence must establish the following four

3

elements: 1) the defendant owed a duty of care to the plaintiff; 2) a breach of that duty; 3) a causal connection between the breach of the duty and plaintiff's injury; and 4) actual loss or damages resulting from the breach. Shellenberger v. Kreider Farms, 288 A.3d 898, 907 (Pa. Super. Ct. 2023).

Plaintiff alleges that he was a business invitee on the defendants' premises. (Doc. 1, ¶ 13). The duty owed to a business invitee is the highest duty owed by property owners toward entrants upon their property. Shellenberger, 288 A.2d at 908. The law provides:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

Id. (internal quotation marks and citation omitted).

Plaintiff's complaint alleges that defendants had a duty to exercise reasonable care in the maintenance and upkeep of their property including the Kalahari Indoor Waterpark, especially the stairs. (Doc. 1, ¶ 14). Defendants did not properly treat the stairs and as a result, mold or algae covered their surface. (Id. ¶ 15). Per plaintiff, the stairs thus became slippery and dangerous, and in

4

allowing the condition to exist, defendant caused needless risk of harm. (Id. ¶¶ 16-17). According to the complaint, defendants knew or should have known that the stairs were not properly maintained or cleaned and that they constituted a dangerous condition to the general public. (Id. ¶ 20). Plaintiff asserts that the defendants' negligence led to plaintiff falling and injuring himself. (Id. ¶ 25).

Plaintiff's specific claim is that defendant breached its duty by, *inter alia*, failing to provide proper maintenance, repair, and cleaning on the property; failing to properly upkeep and maintain the property; failing to warn plaintiff; failing to place barricades; and failing to place warning signs. (Id. ¶ 39).

If these alleged facts are taken as true, as they must be at this stage of the proceedings, plaintiff has sufficiently provided a short and plain statement of his claim demonstrating that he is entitled to relief. Accordingly, the court finds that these allegations state a cause of action for negligence against the defendants. The motion to dismiss based upon Rule 12(b)(6) will thus be denied.

## II. Motion For a More Definite Statement

Defendants also move for a more definite statement of plaintiff's claim pursuant to Federal Rule of Civil Procedure 12(e). Rule 12(e) establishes that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definitive statement before interposing a

responsive pleading." FED. R. CIV. P. 12(e). Such motions are "directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading." Schadler v. Eagle Publ'ns, Inc., 370 F.2d 795, 798 (3d Cir. 1967); see also Pitcavage v. Mastercraft Boat Co., 632 F. Supp. 842, 850 (M.D. Pa.1985).

Here, defendants argue that the complaint is too vague or ambiguous in that it does not state with specificity the location of the stairs upon which plaintiff allegedly fell. After a careful review, the court agrees.

As explained above, the plaintiff complains about the manner in which the defendants maintained or cleaned the stairs at the waterpark. Defendants' brief points out that the Kalahari Indoor Waterpark is a large venue with innumerable steps throughout. (Doc. 13, at ECF 3). Defendants further explain that "there are multiple defendants and distinctions between various sets of stairs would make a difference in both responding to the Complaint and to discovery requests." (Id.) Plaintiff's brief indicates that during discovery he "will provide photos of the exact location of the fall." (Doc. 15 at 13). Because plaintiff evidently knows what steps he fell on and that the location of the steps may affect how the different defendants respond to the complaint, the defendants' motion will be granted and plaintiff will be directed to file an amended complaint. The plaintiff will be directed to state with more specificity in the amended

complaint the location where plaintiff fell so that the defendants will be able to frame a responsive pleading.

### III. Jurisdiction

One further issue exists that the court raises *sua sponte*. It cannot be determined from the complaint whether this court has jurisdiction. Plaintiff alleges that jurisdiction is based on the diversity jurisdiction statute, 28 U.S.C. § 1332. (Doc. 1, Compl. ¶ 11). Under this statute, jurisdiction exists when the plaintiff and defendants are citizens of different states. 28 U.S.C. § 1332(a)(1). The complaint, however, does not indicate the citizenship of the parties. Instead, it alleges the residency of the parties. (Id. ¶ 11). As explained more fully below, residency and citizenship do not have the same meaning for purposes of the diversity statute.

In cases premised on diversity of citizenship, there must be complete diversity between the plaintiff and all of the defendants. See Gen. Refractories Co. v. First State Ins. Co., No. 04–3509, 2012 WL 424247, at *2 (E.D. Pa. Jan. 30, 2012) (citing Stawbridge v. Curtiss, 3 Cranch 267, 7 U.S. 267 (1806)). Moreover, when federal jurisdiction is premised on diversity, a plaintiff's failure to allege citizenship is fatal. See Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n, 554 F.2d 1254, 1256 (3d Cir. 1977) (citing Thomas v. Bd. of Trs., 195 U.S. 207 (1904)). District courts cannot overlook such a defect, even when the parties

7

fail to call attention to it or when they consent to have it waived. Id. Furthermore, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." Id.

For natural persons, "[c]itizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.' " McCann v. Newman Irrevocable Trust, 548 F.3d 281, 286 (3d Cir. 2006) (quoting Vlandis v. Kline, 412 U.S. 441, 454 (1973)). The complaint alleges that plaintiff is a resident of New Jersey. However, it is well established that the term "citizenship" is not synonymous with "resident." See Bell v. Pleasantville Hous. Auth., 443 F. App'x 731, 734 (3d Cir. 2011)(finding that the plaintiff's physical presence at the address of residence is "but only one factor" a court would examine to determine the plaintiff's place of domicile); see also Pa. House, Inc. v. Barrett, 760 F. Supp. 439, 449 (M.D. Pa. 1991) ("Although a party's residence is *prima facie* evidence of domicile, residency alone is insufficient to establish jurisdiction on the basis of diversity: two elements are necessary to establish domicile, residency coupled with an intent to continue to remain at that location."). In the instant case, to properly allege diversity jurisdiction, plaintiff must allege his state of citizenship, not merely the place of his current residence.

Additionally, plaintiff names three defendants in the complaint. Two are LLCs and the third, according to the defendants, does not exist as a legal entity. With respect to determining the jurisdictional citizenship of an LLC, federal courts look to the citizenship of the LLC's members. Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010). When one or more of an LLC's members is itself an LLC, the " 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC." Id. (quoting Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir. 2003)). Here, the complaint is silent as to the citizenship of the members of the defendant LLC's.

Thus, in addition to providing more specificity as to the particular stairs plaintiff fell on, the amended complaint should properly allege the citizenship of all of the parties so that the court can assure itself that jurisdiction is proper in this court.[1]

**Conclusions**

For the reasons set forth above, defendant's motion to dismiss will be denied, but the motion for a more definite statement will be granted. Additionally,

---

[1] Additionally, the body of the complaint states that the waterpark at issue is located in New Jersey. (Doc. 1, Compl. ¶¶ 3, 6, 9, 19). The caption of the complaint, however, indicates that the Kalahari Waterpark is located in Pocono Manor, Pennsylvania. The amended complaint should remedy this discrepancy.

9

plaintiff will be directed to appropriately allege the citizenship of the parties. An appropriate order follows.

Date: 11/7/24

JUDGE JULIA K. MUNLEY
United States District Court